# Exhibit L

James M. Lloyd, Esq., SBN. 243997
Kristin L. Heineman, Esq., SBN. 249913
**RESNICK & LOUIS, P.C.**
9891 Irvine Center Drive, Suite 200
Irvine, CA 92618
Telephone: 714-709-4400
Facsimile: 714-709-4400
Email: kheineman@rlattorneys.com
jlloyd@rlattorneys.com

Attorneys for Defendant, MACY'S WEST STORES, INC., wrongfully sued herein as Macy's Corporate Services, Inc., an Ohio Corporation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| ROUZZANNA AMROYAN, an Individual,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S CORPORATE SERVICES, INC., an Ohio Corporation; M.A.C. COSMETICS, INC., a Delaware Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: BC669137<br><br>**DEFENDANT, MACY'S WEST STORES, INC. WRONGFULLY SUED HEREIN AS MACY'S CORPORATE SERVICES, INC.'S ANSWER TO PLAINTIFF ROUZZANNA AMROYAN'S COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned to Hon. Holly J. Fujie**<br><br>**Dept: 98**<br><br>Action Filing Date: July 19, 2017 |

COMES NOW, Defendant, MACY'S WEST STORES, INC., wrongfully sued herein as Macy's Corporate Services, Inc. (hereinafter referred to as "Defendant"), and responds to Plaintiff Rouzzanna Amroyan's Complaint on file as follows:

**GENERAL DENIAL**

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant denies generally and specifically each, every, and all of the allegations in said Complaint,

and the whole thereof, including each and every purported cause of action contained therein. Defendant further denies that Plaintiff has or will sustain damages in the amount alleged or in any amount whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Comparative Negligence of Plaintiff)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, Plaintiff failed to exercise ordinary care on her own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of in this action. Plaintiff's recovery, therefore, against Defendant should be barred or reduced according to principles of comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

(Negligence on the Part of Third Parties)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that any injuries or damages which may have been sustained by Plaintiff were the proximate result of negligence of third parties. For this reason, if Plaintiff has been damaged, aside from any reduction of damages attributable to her own negligence, the damages must be apportioned among the parties to this action in proportion to their respective degrees of fault.

**THIRD AFFIRMATIVE DEFENSE**

(Comparative Fault)

This answering Defendant is informed and believes and thereon alleges, at all times and places set forth in the Complaint, parties, other than this answering Defendant, failed to exercise ordinary care on its own behalf, which negligence and carelessness was a proximate cause of some portion, up to and including the whole thereof, of the injuries and damages complained of by Plaintiffs in this action. The fault, if any, of this answering Defendant should be compared with the fault of Plaintiffs, Defendant, and Cross-Defendants and other Defendants and damages, if any, should be apportioned among Plaintiffs, Defendant, and other Defendants in direct relation to each of its comparative fault. This answering Defendant should be obliged to pay only such damages, if any,

which are directly attributable to its percentage of comparative fault. To require this answering Defendant to pay any more than its percentage of comparative fault violates the equal protection and due process clauses of the Constitution of the United States and the Constitution of the United State of California.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

(Failure to State a Cause of Action)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the Complaint and every purported cause of action therein fails to set forth facts sufficient to state a cause of action.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

(Statute of Limitations)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Plaintiff's actions are barred by the applicable statutes of limitations, including but not limited to, California *Civil Code* §§ 335.1, 338, 340 and/or 342.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

(Assumption of Risk)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the perils or dangers, if any, existing at the time of Plaintiff's alleged injuries, if any, were open and obvious and known to Plaintiff who nevertheless conducted herself in such a manner so as to expose herself to said perils and dangers, if any, and by so doing, assumed all of the risks attendant thereto.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

(Failure to Mitigate)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Plaintiff has failed to exercise reasonable care and diligence to avoid loss and to minimize damages and, therefore, Plaintiff may not recover for losses which could have been prevented by reasonable efforts on her own part, or by expenditures that might reasonably

have been made. Therefore, Plaintiff's recoveries, if any, should be reduced by the failure of Plaintiff to mitigate her damages.

**EIGHTH AFFIRMATIVE DEFENSE**

(Superseding Negligence)

The injuries and damages of which the Plaintiffs' complain of were proximately caused or contributed to by the acts of other Defendants, persons and/or entities. Said acts were an intervening, supervening and superseding cause of the injuries and damages, if any, of which the Plaintiffs complain, thus barring Plaintiffs from any recovery against this answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiffs have engaged in conduct with respect to the activities and/or property, which is the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claim for damages or seeking any other relief against this answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiffs have engaged in conduct and activities sufficient to constitute a waiver of any alleged breach of contract, negligence or any other conduct, if any, as set forth in the Cross-Complaint.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Laches)

Due to its tardiness in asserting its purported right to recover, Plaintiffs' claim should be barred by the equitable doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

(Willful Misconduct)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Plaintiff was guilty of willful misconduct and proximately contributed to the occurrence of the events complained of in Plaintiff's Complaint and the damage

alleged to have been suffered therein, and Plaintiff is therefore precluded from comparing such conduct with the alleged fault on the part of this answering Defendant, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Intentional Acts of Others)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the sole and/or proximate cause of the damages claimed by Plaintiff was and is due to the willful and intentional acts of persons and/or entities other than this answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Due Care and Circumspection)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Defendant acted with the due care and circumspection in the performance of any and all duties imposed on it.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Pre-existing Conditions)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the injuries Plaintiff claims to suffer from were caused by preexisting and/or unrelated conditions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(No Duty)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Plaintiff's Complaint and each alleged cause of action contained therein are barred because Defendant owed no duty to Plaintiff in connection with the matters alleged therein.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(No Breach of Duty)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that if Defendant did owe a duty to Plaintiff in connection with the

matters contained in Plaintiff's Complaint, and Defendant disputes it had such a duty, Defendant did not breach any duty to Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(No Control Over Premises Area)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Defendant did not control the property upon which Plaintiff alleges to have been injured, nor did it own or lease it.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Landlord's Duty)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Defendant was merely a leasehold tenant and any injury suffered by Plaintiff occurred upon property under the property landlord's control.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Release and Discharge)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that by the reason of the acts and omissions of Plaintiff, Plaintiff has released and discharged Defendant from any liability.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Several Liability Only)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the conduct of this answering Defendant should be evaluated and determined, that non-economic damages are severable only and not joint, and that only that portion of the non-economic damage (if any) of Plaintiff attributable to the conduct of this answering Defendant is recoverable against this answering Defendant pursuant to Proposition 51 and as codified by California *Civil Code* §§ 1431 and 1431.1 through 1431.5.

///

///

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Contribution)

This answering Defendant alleges that damages suffered by Plaintiff, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities other than this answering Defendant, and that the liability of this answering Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to this answering Defendant.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Open and Obvious Condition)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that the perils or dangers, if any, existing at the time of Plaintiff's alleged injuries, if any, were open and obvious and known to Plaintiff who nevertheless conducted herself in such a manner so as to expose herself to said perils and dangers, if any, and by so doing, assumed all of the risks attendant thereto.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that by virtue of Plaintiff's unlawful, immoral, careless, negligent and other wrongful conduct, Plaintiff should be barred from recovering against this answering Defendant by the doctrine of unclean hands.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Choice of Routes)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that Plaintiff had a choice of routes, one of which was safe, but Plaintiff chose the route which was subject to risk and danger.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Act of God)

Any and all events, happenings, injuries and damages, if any, as alleged in Plaintiffs' Complaint, were a direct result of unforeseeable act of God.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Civil Code Section 1431.2)

To the extent Plaintiff is able to prove any liability against Defendant, all or a portion of Plaintiff's damages are barred pursuant to Civil Code Section 1431.2.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Spoliation of Evidence)

Defendant is informed and believes, and thereon alleges, that Plaintiff and/or her agents or representatives failed to preserve evidence, including, but not limited to, the products which are the subject of the Complaint, and by reason of such spoliation of evidence, Plaintiff and/or theirs agents or representatives have prevented and/or precluded Defendants from properly investigating and preparing an adequate defense to the matters alleged herein, all to Defendant's irreparable damage, thereby providing a legal basis for relief, including, but not limited to, an order barring introduction of evidence concerning any alleged misconduct which may have occurred.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(Costs)

Defendant is informed and believes, and thereon alleges, that at all times mentioned herein, the Complaint was brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or the laws which warranted the filing of this Complaint against Defendant. Plaintiff should therefore be responsible for all of Defendant's necessary and reasonable defense costs, as more particularly set forth in California Code of Civil Procedure, Section 1038.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Conduct was Justified)

The conduct of Defendant in regards to the matters alleged in the Complaint was justified, and by reason of the foregoing, Plaintiff is barred from any recovery against Defendant herein.

///

///

///

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Standard of Care)

Defendant is informed and believes, and thereon alleges that at no time prior to the filing of this action, did Plaintiff, co-defendants, or any agent, representative or employee(s) thereof; notify Defendant of any breach of duty to Plaintiff or Co-defendants. Furthermore, Defendant alleges that Plaintiff is barred and precluded from any recovery in this action, because Defendant at all times complied with the applicable standard of care.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Damages Uncertain)

Defendant is informed and believes, and thereon alleges that Plaintiff's damages, if any, are speculative, uncertain and not capable of being determined by a trier of fact.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Lack of Equity)

As between Plaintiff and Defendant, the equities do not preponderate in favor of Plaintiff so as to allow for equitable recovery.

**THIRTY–FOURTH AFFIRMATIVE DEFENSE**

(Uncertainty)

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint and the allegations therein are uncertain, vague and ambiguous.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(No Causation)

Defendant is informed and believes, and thereon alleges that to the extent Plaintiff suffered injury or damage, if any, such injury or damage was not proximately caused by any conduct or inaction of this responding Defendant, or was not foreseeable, or both.

///

///

///

///

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Existing Prior Injury)

Defendant is informed and believes, and thereon alleges that to the extent Plaintiff suffered injury or damage, if any, such injury or damage was sustained prior to the incident alleged by Plaintiff in the Complaint on file herein.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

(Limitation on Damages)

Defendant is informed and believes, and thereon alleges that Plaintiff's Complaint seeks an award of improper damages, including but not limited to, medical damages beyond those permitted by law.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

(*Howell v. Hamilton Meats*)

Defendant is informed and believes, and thereon alleges that Plaintiff's recovery for past medical expenses or other economic loss or benefit, if any, is limited to the lesser of the amount paid or the reasonable value of those services or benefits rendered.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

(Patient Protection and Affordable Care Act)

Defendant is informed and believes, and thereon alleges that Plaintiff is excluded from recovering any amounts which have been, or will, indemnify Plaintiff, for any past or future claimed medical expenses, health care, life care, or other economic loss or benefit that is offered, or provided under or in connection with the Patient Protection and Affordable Care Act.

**FORTIETH AFFIRMATIVE DEFENSE**

(Failure to Obtain Health Insurance)

Defendant is informed and believes, and thereon alleges that in the event Plaintiff has failed to obtain health insurance coverage available to her, which she is eligible to obtain under the Patient Protection and Affordable Care Act, Plaintiff has failed to mitigate her damages and cannot recover for such failure.

///

**FORTY-FIRST AFFIRMATIVE DEFENSE**

(Failure to Utilize Health Insurance Benefits)

Defendant is informed and believes, and thereon alleges that to the extent Plaintiff has failed to take reasonable steps to avail herself of the resources, service benefits and coverage available to her under the Patient Protection and Affordable Care Act, Plaintiff has failed to mitigate her damages and cannot recover for such failure.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

(Affordable Care Act and Future Damages)

Defendant is informed and believes, and thereon alleges that Plaintiff will be limited to the reasonable value, if any, of future medical services available to her under the Affordable Care Act.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

(Consent)

Defendant is informed and believes, and thereon alleges that each and every cause of action or purported cause of action contained in the Complaint is barred due to the consent by Plaintiff to all actions alleged therein.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

(Damages Uncertain)

Defendant is informed and believes, and thereon alleges that Plaintiff's damages, if any, are speculative, uncertain and not capable of being determined by a trier of fact.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

(No Defect)

This answering Defendant alleges that there was no defect in Defendant's product at the time it left Defendant's possession. Even if a defect did exist, which is expressly denied, the same was not unreasonably dangerous and/or the risks of such design were outweighed by the benefits of same.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent that any purported injury, damage or loss was caused by unreasonable, unforeseeable, inappropriate and/or improper installation, use,

maintenance, repair, alteration, or modification of Defendant's product by Plaintiffs, other parties, third parties or entities.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent that Plaintiffs' purported injuries were caused or attributable to misuse or abuse of Defendant's product by Plaintiffs, other parties, third parties or entities.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that no act, omission, conduct or product attributable to Defendant caused or contributed to any injuries or damages sustained by Plaintiffs. If any injuries and damages, were not solely caused by Plaintiffs' own acts, omissions and other conduct, then said injuries and damages were proximately caused and contributed to by the negligence and/or other tortious acts, omissions, conduct and products of other parties, third parties or entities other than this answering Defendant, and that said negligence and/or other legal fault was an intervening and superseding cause of Plaintiff's injuries and damages. Any damages recoverable by Plaintiffs must therefore be diminished in proportion to the amount of fault attributable to these other persons and entities, and there should be an apportionment of the harm and damage claimed by Plaintiffs.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that at all times material to this action, the products described in the Complaint which allegedly injured Plaintiffs were, without this answering Defendant's knowledge, approval or consent, and contrary to instructions and/or the custom and practice in the industry, altered, redesigned, modified, or subjected to other treatment which substantially changed their character, such that they were not being used, functioning and/or performing in a manner intended by their manufacturer, and/or were not in substantially the same or similar condition as when they left the manufacturer's possession. If there was a defect in said products, which supposition is specifically denied by this answering Defendant, such defect resulted solely from such alteration, re-design, modification, treatment or other change therein and not from any act or omission by this answering Defendant, thereby barring Plaintiffs from recovery herein as against this answering Defendant.

**FIFTIETH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that Plaintiffs are barred from recovery herein in that all products allegedly manufactured, sold or distributed by this answering Defendant were in conformity with the existing state of the medical, scientific, and industrial knowledge, art, and practices, and as a result, said products were not defective in any manner.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

This answering Defendant denies any conduct that was a substantial factor resulting in any injury or damage to Plaintiffs.

**FIFTY-SECOND AFFIRMATIVE DEFENSE**

This answering Defendant alleges that they are not legally responsible for any injury or damage resulting from conduct that was merely accidental, careless or negligent pursuant to CACI 408.

**FIFTY-THIRD AFFIRMATIVE DEFENSE**

This answering Defendant alleges Plaintiffs' claims are barred because the physical harm alleged by Plaintiffs resulted from the misuse of the product at issue by some person not reasonably expected by Defendant at the time the product at issue in this action was sold or otherwise conveyed to another party.

**FIFTY-FOURTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that to the extent the Complaint, or any cause of action alleged therein, is based upon an allegation of strict products liability as against this answering Defendant, said cause of action cannot be maintained as this answering Defendant was not a "seller" within the meaning of § 402A of the Restatement (Second) of Torts, and consequently any claim of strict liability against this answering Defendant is barred pursuant to *Monte Vista Development Corporation vs. Superior Court* (1991) 226 Cal App.3d 1681.

**FIFTY-FIFTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint and any and all claims and causes of action alleged therein, is/are barred by Plaintiffs' failure to timely join one or more parties that are indispensable and/or necessary to a resolution of the matter alleged in the Complaint, as required by *California Code of Civil Procedure* § 389.

**FIFTY-SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that at all times relevant to the matters alleged in the Complaint that Plaintiffs, other parties, third parties or entities knew or should have known of the inherent hazards, risks or potential dangers of the product(s) alleged to be at issue, and were therefore a sophisticated and knowledgeable users of each such product. As such, this answering Defendant is not liable to Plaintiffs for any alleged failure to warn of such hazards, risks or dangers associated with Plaintiffs, other parties, third parties or entities' use thereof.

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that Plaintiff's injuries, if any, were due to the acts or omissions of other parties, third parties or entities over whom this Defendant had neither control nor the right of control.

**FIFTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint and any and all claims and causes of action alleged therein, is/are barred by the "sophisticated user" doctrine pursuant to *Johnson v. American Standard* (2008) 43 Cal.4th 56.

**FIFTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the product which allegedly caused injuries or damage to Plaintiffs was reasonably fit for the uses for which it was intended.

**SIXTIETH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the injuries or damages of which Plaintiffs complain were caused in whole, or in part, by nonparties whom Plaintiffs have failed to join in this action.

**SIXTY-FIRST AFFIRMATIVE DEFENSE**

This answering Defendant alleges that Plaintiffs are not entitled to recover to the extent any alleged damages or injuries were caused by the misuse, abuse, or failure to properly maintain or care for the product.

**SIXTY-SECOND AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the subject property was not used in a reasonable manner appropriate to the purpose for which it was intended. At the time of the alleged accident, other parties, third parties or entities were misusing the product in a manner, which was not

appropriate for its intended purposes. This misuse of the product was without Defendant's knowledge, approval or consent and was contrary to the printed instructions that were delivered with the product. The misuse of the product was not reasonably foreseeable to Defendant either at or before the time of the sale, or at any time before Defendant received notice of the accident as described in the Complaint

**SIXTY-THIRD AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the subject product, to the extent that it was designed, manufactured, marketed or sold by this Defendant, was not used as instructed and intended, but was instead subject to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by persons, firms or entities other than this answering Defendant, which said misuse, abuse, alteration and/or modification was the proximate cause of the injuries and damages, if anther there were, complained of by Plaintiffs.

**SIXTY-FOURTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that if it is determined that the product was defective, which is expressly denied, the said product was substantially changed, modified or altered from its condition after it left the possession and control of the Defendant and/or the defect came into existence after it left the possession and control of Defendant.

**SIXTY-FIFTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that Defendant owned no duty of care to Plaintiffs.

**SIXTY-SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that Plaintiffs, other parties, third parties or entities did not conduct themselves in a reasonable manner or as a reasonable person would have in like or similar circumstances, and the such conduct by the Plaintiffs other parties, third parties or entities constituted the sole and legal cause of Plaintiff's' injuries and damages, if any.

**SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the subject product was designed and manufactured in compliance with regulatory and statutory standards, guidelines, rules and regulation and performed to the reasonable consumer expectations.

**SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that they acted reasonably and properly and any alleged damages suffered by Plaintiffs, which damages are specifically denied to exist, were the result of unanticipated and unforeseeable events for which this Defendant has no liability.

**SIXTY-NINTH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint is barred by the learned intermediary doctrine.

**SEVENTIETH AFFIRMATIVE DEFENSE**

This answering Defendant alleges that any duty Defendant had with respect to the sale of the subject product was discharged by the giving of adequate instructions and warnings concerning its use.

**SEVENTY-FIRST AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent that Plaintiffs injuries, damages or loss, if any, resulted from a use of Defendant's product that was not reasonably foreseeable by Defendant.

**SEVENTY-SECOND AFFIRMATIVE DEFENSE**

This answering Defendant alleges that the Complaint, and each purported cause of action contained therein, is barred, in whole or in part, to the extent that Plaintiffs, other parties, third parties or entities were not using Defendant's product in a reasonable manner appropriate to the purpose for which it was intended.

**SEVENTY-THIRD AFFIRMATIVE DEFENSE**

(Reservation)

This answering Defendant is informed and believes, and thereon alleges, that, at all times and places set forth in the Complaint, that this answering Defendant presently has insufficient knowledge or information on which to form a belief as to whether or not it may have additional, as yet unstated affirmative defenses available. This answering Defendant reserves its right to assert additional defenses in the event that discovery indicates additional defenses would be appropriate.

**PRAYER**

WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint on file herein, that judgment be entered in the within action in favor of Defendant and against the Plaintiff upon the issues of the Complaint, and such other and further relief as the court deems just.

**DEMAND FOR JURY TRIAL**

**DEMAND IS HEREBY MADE** by Defendant, MACY'S WEST STORES, INC., wrongfully sued herein as Macy's Corporate Services, Inc. for a trial by jury in the above-entitled action.

RESPECTFULLY SUBMITTED this 24th day of August, 2017

**RESNICK & LOUIS, P.C.**

James M. Lloyd, Esq.
Kristin L. Heineman, Esq.
Attorneys for Defendant, MACY'S WEST STORES, INC., wrongfully sued herein as Macy's Corporate Services, Inc., an Ohio Corporation

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9891 Irvine Center Drive., Suite 200, Irvine, CA 92618.

On August 24, 2017, I served the foregoing document(s) described as: **DEFENDANT, MACY'S WEST STORES, INC. WRONGFULLY SUED HEREIN AS MACY'S CORPORATE SERVICES, INC.'S ANSWER TO PLAINTIFF ROUZZANNA AMROYAN'S COMPLAINT; DEMAND FOR JURY TRIAL,** on interested parties in this action by sending a true copy of the document to the following parties as follows:

**SEE ATTACHED SERVICE LIST**

_____ (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail the offices of the addressees.

_____ (BY ELECTRONIC SERVICE) (AS INDICATED ON SERVICE LIST)I caused a copy of the document(s) to be sent from e-mail address rduong@rlattorneys.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____ (BY FACSIMILE) I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 3003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (602) 456-4056 and was reported as complete and without error.

_____ (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed via Federal Express.

_____ (BY ELECTRONIC SERVICE VIA CASE ANYWHERE) (AS INDICATED ON SERVICE LIST) I caused the above- entitled document(s) to be served through Case Anywhere addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete.

XXX (BY US MAIL) I caused such sealed envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Irvine, CA. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 24th day of August, 2017, at Irvine, California

By: ______________________
Romain Duong

**Amroyan v. Macy's Corporate Services, Inc.**
**Los Angeles Superior Court**
**Case No. BC669137**

**<u>SERVICE LIST</u>**

Ashot Manukyan, Esq.
Manukyan Law Group
4730 Woodman Ave., Suite 405
Sherman Oaks, CA 91423
(818)856-0606
(818)387-6893 - Fax
*Attorneys for Plaintiff*